IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| KAYLA DAWN BITSUI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOUBLETREE BY HILTON HOTEL | ) | |
| EL PASO DOWNTOWN; DOUBLETREE | ) | |
| MANAGEMENT, LLC; DOUBLETREE | ) | |
| HOTEL SYSTEMS, INC.; DOUBLETREE | ) | |
| HOTELS CORPORATION; DOUBLETREE | ) | Civil Action No. 3:22-cv-302 |
| OF PHOENIX, INC.; DOUBLETREE | ) | |
| EMPLOYER, LLC; HILTON RESORTS | ) | |
| CORPORATION; HOTEL OPERATOR OF | ) | |
| DOUBLETREE BY HILTON HOTEL EL | ) | |
| PASO DOWNTOWN; and JOHN OR JANE | ) | |
| DOE MANAGER OF DOUBLETREE | ) | |
| BY IELTON HOTEL EL PASO | ) | |
| DOWNTOWN, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANTS' NOTICE OF REMOVAL

---

Defendants DOUBLETREE EMPLOYER, LLC, DOUBLETREE HOTEL SYSTEMS, LLC, and DOUBLETREE MANAGEMENT, LLC respectfully submit this Notice of Removal for the purpose of removing the above-entitled action from County Court at Law No. 3 in El Paso County, Texas to the United States District Court for the Western District of Texas. As grounds for this Notice of Removal, Defendants state as follows:

# I.  PROCEDURAL HISTORY

1.      Plaintiff Kayla Dawn Bitsui commenced this action in County Court at Law No. 3 in El Paso County, Texas, Cause No. 2022DCV1820, by filing her Original Petition ("Petition") on June 17, 2022 [Exhibit "A"].  In her Original Petition, Plaintiff alleges various claims for personal injuries premised on theories of negligence in relation to injuries she suffered on or about June 26, 2022.

2.      Plaintiff served her Original Petition on Defendant Doubletree Employer, LLC on July 29, 2022 [Exhibit "B"].  Defendant Doubletree Management, LLC was served on July 29, 2022 [Exhibit "C"].  Defendant Doubletree Hotel Systems, LLC was served on August 15, 2022 [Exhibit "D"].  Defendant Doubletree Hotels Corporation was served on August 15, 2022 [Exhibit "E"].  This removal is thus timely filed.

3.      As Defendants more fully state below, removal of this matter is proper under 28 U.S.C. §§ 1332 and 1441 based on diversity jurisdiction.

# II.  DIVERSITY JURISDICTION

4.      Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5.      Plaintiff is a resident, and therefore, a citizen of Thoreau, McKinley County, New Mexico.  *See* Exhibit "A."

6.      Defendant Doubletree Management, LLC is a limited liability company formed under the laws of the State of Delaware.  At all relevant times, Defendant Doubletree Management, LLC's headquarters, and thus its principal place of business, has been in the

Commonwealth of Virginia.  Doubletree Management, LLC controls its operations from its McLean, Virginia headquarters, located at 7930 Jones Branch Drive, McLean, Virginia 22102. Its main office and management functions are concentrated at its headquarters in McLean, Virginia, and its officers direct, control, and coordinate its activities from this office.  Its members also meet at the headquarters in McLean, Virginia.  It was served on July 29, 2022 [Exhibit "C"].  Doubletree Management, LLC's sole member is Hilton Domestic Operating Company, Inc.  Hilton Domestic Operating Company, Inc. is incorporated under the laws of the State of Delaware.

7.      Defendant Doubletree Hotel Systems, LLC f/k/a Doubletree Hotel Systems, Inc. was served on August 15, 2022 [Exhibit "D"].  Doubletree Hotel Systems, LLC is a limited liability company formed under the laws of the State of Delaware.  At all relevant times, Defendant Doubletree Hotel Systems, LLC's headquarters, and thus its principal place of business, has been in the Commonwealth of Virginia.  Doubletree Hotel Systems, LLC controls its operations from its McLean, Virginia headquarters, located at 7930 Jones Branch Drive, McLean, Virginia 22102.  Its main office and management functions are concentrated at its headquarters in McLean, Virginia, and its officers direct, control, and coordinate its activities from this office.  Its members also meet at the headquarters in McLean, Virginia.  Doubletree Hotel Systems, LLC's sole member is Doubletree Hotels, LLC.  Doubletree Hotels, LLC is formed under the laws of the State of Delaware and its principle place of business is in Virginia.

8.      Defendant Doubletree Employer, LLC was served on July 29, 2022 [Exhibit "B"]. It is a limited liability company formed under the laws of the State of Delaware.  At all relevant times, Defendant Doubletree Employer LLC's headquarters, and thus its principal place of business, has been in the Commonwealth of Virginia.  Doubletree Employer LLC controls its

operations from its McLean, Virginia headquarters, located at 7930 Jones Branch Drive, McLean, Virginia 22102. Its main office and management functions are concentrated at its headquarters in McLean, Virginia, and its officers direct, control, and coordinate its activities from this office. Its members also meet at the headquarters in McLean, Virginia. Doubletree Employer LLC's sole member is Hilton Employer Inc. Hilton Employer Inc. is incorporated under the laws of the State of Delaware.

9.     Defendant Doubletree by Hilton Hotel El Paso Downtown is unserved as of the filing of this removal. In Plaintiff's Original Petition, she states it operates in Texas but does not state its citizenship. *See* Exhibit "A."

10.     Defendant Doubletree Hotels Corporation was served on August 15, 2022 [Exhibit "E"]. In Plaintiff's Original Petition, she states it is a corporation formed under the laws of the State of Arizona [*See* Exhibit "A"].

11.     Defendant Doubletree of Phoenix, Inc. is unserved as of the filing of this removal. In Plaintiff's Original Petition, she states it is a corporation formed under the laws of the State of Delaware. *Id.*

12.     Defendant Hilton Resorts Corporation is unserved as of the filing of this removal. In Plaintiff's Original Petition, she states it is a corporation formed under the laws of the State of Delaware. *Id.*

13.     Defendant Hotel Operator of Doubletree by Hilton Hotel El Paso Downtown is unserved as of the filing of this removal. In Plaintiff's Original Petition, she states its identity is unknown to her at this time. *Id.*

14.     Defendant John or Jane Doe Manager of Doubletree by Hilton Hotel El Paso Downtown is unserved as of the filing of this removal.  In Plaintiff's Original Petition, she states his/her identity is unknown to her at this time.  *Id.*

15.     Removal is proper because the Defendants that have been "properly joined and served" in this case are diverse from Plaintiff.  The other named defendants in the case are not parties in interest since they have not been "properly joined and served" as of the filing of this removal.  Under the forum-defendant rule, a civil action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.  28 U.S.C. § 1441(b)(2).  Defendants Doubletree Employer, LLC, Doubletree Hotels Corporation, Doubletree Hotel Systems, LLC, and Doubletree Management, LLC are the only parties in interest because they are the only parties that have been "properly joined and served" as of the filing of this removal.  As such, because Plaintiff is a citizen of the State of New Mexico and Defendants Doubletree Employer, LLC, Doubletree Hotels Corporation, Doubletree Hotel Systems, LLC, and Doubletree Management, LLC are citizens of Delaware, Virginia, and Arizona, diversity jurisdiction exists in this case and removal is proper.  *Reynolds v. Pers. Rep. of the Estate of Johnson*, 139 F. Supp. 3d 838 (W.D. Tex. 2015).

16.     Where it is "facially apparent" that the claims more likely than not exceed $75,000, exclusive of interest and costs, the amount in controversy requirement of $75,000 for diversity jurisdiction is met.  *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  In her Original Petition, Plaintiff pleads that she is seeking damages in relation to the injuries she suffered on June 26, 2020.  *See* Exhibit "A."  These injuries include a fracture of the shaft of her right tibia, displaced

fracture of the medial malleolus of the right tibia, fracture of her left pubis, a zone 1 fracture of her sacrum, and fracture of her fifth lumbar vertebra. *Id.* Further, Plaintiff contends that as a result of the accident, she has been left with a disfiguring scar to her right leg and now has cognitive issues she associates with the incident. *Id.* As a result of these injuries, she has undergone several surgeries to her right ankle, leg, and knee. *Id.* In addition, she anticipates having scar revision surgery and is still seeking treatment for lingering difficulties. *Id.* As such, Plaintiff seeks the following damages: past and future medical expenses; past and future pain and suffering; past and future mental anguish; permanent nature of the injury; disfigurement; and loss of wages and earning capacity. *Id.* Therefore, Plaintiff's claim for damages exceeds $75,000, exclusive of interest and costs.

17.     Because Plaintiff is a citizen of New Mexico and Defendants Doubletree Employer, LLC, Doubletree Hotels Corporation, Doubletree Hotel Systems, LLC, and Doubletree Management, LLC, as the only Defendants "properly joined and served" as of the filing of this removal, are citizens of Delaware, Virginia, and Arizona, this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

18.     Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

19.     Accordingly, because this civil action is wholly between citizens of different states and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and this action is removable pursuant to 28 U.S.C. § 1441.

### III. OTHER REMOVAL MATTERS

20.     Defendant reserves the right to amend or supplement this Notice of Removal.

21.     There have been no pleadings served upon Defendant other than Plaintiff's Original Petition.

22.     This Notice of Removal is filed within 30 days of service upon Defendant Doubletree Employer, LLC of the petition in compliance with 28 U.S.C. § 1446(b).

23.     Pursuant to 28 U.S.C. § 1446(d), Defendant shall give Plaintiff written notice of the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of County Court at Law No. 3, attaching a file-stamped copy of this Notice of Removal.

24.     Pursuant to 28 U.S.C. §§ 1332 and 1446, this action is removable to the United States District Court for the Western District of Texas.

25.     WHEREFORE, Defendant gives notice that *Kayla Dawn Bitsui v. Doubletree Management, LLC, Doubletree Hotel Systems, Inc., Doubletree Employer, LLC, Hilton Resorts Corporation, Doubletree by Hilton Hotel El Paso Downtown, Doubletree Management, LLC, Doubletree Hotels Corporation, Doubletree of Phoenix, Inc., Hilton Resorts Corporation, Hotel Operator of Doubletree by Hilton Hotel El Paso Downtown, and John or Jane Doe Manager of Doubletree by Hilton Hotel El Paso Downtown*, Cause No. 2022DCV1820, in County Court of Law No. 3 of El Paso County Texas is removed to the United States District Court for the Western District of Texas.

Respectfully submitted,

**BLANCO ORDOÑEZ MATA & WECHSLER, P.C.**
5715 Cromo Drive
El Paso, Texas 79912
(915) 845-5800
(915) 845-5555 (Facsimile)

By: _____
    **STEVEN J. BLANCO**
    State Bar No. 00796217
    sblanco@bomwlaw.com
    **ROBERT M. ESTRADA**
    State Bar No. 24071886
    restrada@bomwlaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing document was served upon all counsel of record utilizing the Court's electronic filing system on this the 24th day of August, 2022.

_____
**STEVEN J. BLANCO**

EXHIBIT A

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:   **DOUBLETREE EMPLOYER, LLC,** who may be served with process by serving its registered agent at Corporation Service Company dba CSC-Lawyers Incorporated at 211 E. 7th Street, Suite 620, Austin, Texas 78701

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on 06/17/2022, by Attorney at Law Tammy ~~Wilson~~-Smith, 2701 E. Camelback RD,STE 140, Phoenix AZ 85016 in this case numbered 2022DCV1820 on the docket of said court, and styled:

Kayla Dawn Bitsui

vs.

Doubletree by Hilton Hotel El Paso Downtown; Doubletree Management, LLC; Doubletree Hotel Systems, Inc; Doubletree Hotels Corporation; Doubletree of Phoenix, Inc.; Doubletree Employer, LLC; Hilton Resorts Corporation; Hotel Operator of Doubletree by Hilton Hotel El Paso Downtown; and John or Jane Doe Manager of Doubletree Hilton Hotel El Paso Downtown

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, this on this the 13th day of July, 2022

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.



CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

---

ATTACH RETURN RECEIPTS
WITH ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

---

*NAME OF PREPARER                          TITLE

---

ADDRESS

---

CITY                    STATE              ZIP

By _____ **K. Henry** _____ , Deputy
Kia-Dre Henry

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the **19th** day of
**JULY**, 2022, at **2:00PM** mailed to
**211 E. 7th St., Ste 620, Austin, TX 78701**

defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Original Petition attached thereto.

**Kayla Smith**

**Legal Assistant**
TITLE

El Paso County - County Court at Law 3

Filed 6/17/2022 4:27 PM
Norma Favela Barceleau
District Clerk
El Paso County
2022DCV1820

CAUSE NO._____

| | | |
|---|---|---|
| KAYLA DAWN BITSUI, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| DOUBLETREE BY HILTON HOTEL | § | |
| EL PASO DOWNTOWN; DOUBLETREE | § | |
| MANAGEMENT, LLC; DOUBLETREE | § | |
| HOTEL SYSTEMS, INC.; DOUBLETREE | § | EL PASO COUNTY, TEXAS |
| HOTELS CORPORATION; DOUBLETREE | § | |
| OF PHOENIX, INC.; DOUBLETREE | § | |
| EMPLOYER, LLC; HILTON RESORTS | § | |
| CORPORATION; HOTEL OPERATOR OF | § | |
| DOUBLETREE BY HILTON HOTEL EL | § | |
| PASO DOWNTOWN; and JOHN OR JANE | § | |
| DOE MANAGER OF DOUBLETREE | § | |
| BY HILTON HOTEL EL PASO | § | |
| DOWNTOWN, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES, KAYLA DAWN BITSUI, Plaintiff, complaining of Defendants Doubletree by Hilton Hotel El Paso Downtown; Doubletree Management, LLC; Doubletree Hotel Systems, Inc.; Doubletree Hotels Corporation; Doubletree of Phoenix, Inc.; Doubletree Employer, LLC; Hilton Resorts Corporation; Hotel Operator of Doubletree by Hilton El Paso Downtown; and John or Jane Doe Manager of Doubletree by Hilton Hotel El Paso Downtown (together the "Doubletree Defendants"), and for her cause of action respectfully shows the Court as follows:

1

## I.    DISCOVERY CONTROL PLAN

1.01.   Discovery in this case is intended to be conducted under Level 3, pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure.

## II.    CLAIM FOR RELIEF

2.01.   By reason of, and caused by, the acts and omissions of Defendants, Plaintiff has suffered actual damages in an amount in excess of the minimum jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief in an amount over $250,000 but not more than $1,000,000.

## III.    VENUE AND JURISDICTION

3.01.   Venue is proper in El Paso County, Texas pursuant to §15.002(a)(1) of the Civil Practices and Remedies Code because El Paso County, Texas is the county in which all, or a substantial part of the events or omissions giving rise to the claim occurred. Jurisdiction is proper because the amount in controversy is within the jurisdictional limits of this court.

## IV.    PARTIES

4.01.   Plaintiff *Kayla Bitsui* is an individual residing in Thoreau, McKinley County, New Mexico.

4.02.   Defendant *Doubletree by Hilton Hotel El Paso Downtown* is a hotel operating under the laws of the State of Texas and may be served with process by serving its registered agent Corporation Service Company dba CSC Lawyers Incorporated at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.03.   Defendant *Doubletree Management, LLC* is a limited liability company formed under the laws of the State of Delaware and operating under the laws of the State of Texas that may be served with process by serving its registered agent Corporation Service Company dba CSC Lawyers Incorporated at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2

4.04.   Defendant *Doubletree Hotel Systems, Inc.* is a corporation formed under the laws of the State of Arizona and operating under the laws of the State of Texas that may be served with process by serving its registered agent Corporation Service Company at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

4.05.   Defendant *Doubletree Hotels Corporation* is a corporation formed under the laws of the State of Arizona and operating under the laws of the State of Texas that may be served with process by serving its registered agent Corporation Service Company at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

4.06.   Defendant *Doubletree of Phoenix, Inc.* is a corporation formed under the laws of the State of Delaware and operating under the laws of the State of Texas that may be served with process by serving the Secretary of State of Texas and mailing to 755 Crossover Lane Memphis, Tennessee 38117.

4.07.   Defendant *Doubletree Employer, LLC* is a limited liability company formed under the laws of the State of Delaware and operating under the laws of the State of Texas that may be served with process by serving its registered agent Corporation Service Company dba CSC-Lawyers Incorporated at 211 E. 7th Street, Suite 620 Austin, Texas 78701.

4.08.   Defendant *Hilton Resorts Corporation* is a corporation formed under the laws of the State of Delaware and operating under the laws of the State of Texas that may be served with process by serving its registered agent Prentice Hall Corporation System at 211 E. 7th Street, Suite 620 Austin, Texas 78701.

4.09.   Defendant *Hotel Operator of Doubletree by Hilton Hotel El Paso Downtown's* (hereinafter referred to as "Operator") actual identity is unknown to Plaintiff at this time. As soon as the Operator's identity is known, it will be served with process.

3

4.10.   Defendant *John or Jane Doe Manager of Doubletree by Hilton Hotel El Paso Downtown's* (hereinafter referred to as "Manager") actual identity is unknown to Plaintiff at this time. On information and belief, as soon as Manager's true identity is known, he or she will be an individual residing in the State of Texas, and Manager will be served with process.

## V.   VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR

5.01.   In connection with all the acts and/or omissions set out below, Defendants Operator, Manager, and all employees of Defendants, were acting within the course and scope of their employment and as agents for all other Defendants.

## VI.   FACTS

6.01.   Defendant Doubletree by Hilton Hotel El Paso Downtown (the "Hotel") is an establishment that sells alcoholic beverages to its patrons under license of the Alcoholic Beverage Commission, as well as provides temporary lodging to patrons. On information and belief, the Hotel is owned, managed, and operated by the Doubletree Defendants.

6.02.   On or about June 26, 2020, Delrae Maria Mendivil was staying at the Hotel, with her friend, Plaintiff Ms. Bitsui. Ms. Mendivil and Ms. Bitsui were sharing a room.

6.03.   On the evening of June 26, 2020, Ms. Mendivil and Ms. Bitsui were having drinks at the Hotel bar with Mr. Henry Mendivil, Ms. Mendivil's estranged husband, who had joined them that evening.

6.04.   Eventually, Ms. Mendivil began to get very intoxicated and remained at the bar with the bartender named "George" who was continuing to serve her drinks, even though Ms. Bitsui and Mr. Mendivil were sitting at a table in the bar area.

4

6.05.    Ms. Bitsui noted at this time what she perceived to be Ms. Mendivil flirting with "George," so Ms. Bitsui attempted to persuade Ms. Mendivil to come back and join her and Mr. Mendivil at the table.

6.06.    Ms. Mendivil became very angry with Ms. Bitsui calling her a "fucking bitch" and accusing Ms. Bitsui of flirting with Mr. Mendivil.

6.07.    Then, Ms. Mendivil physically attacked Ms. Bitsui, eventually grabbing Ms. Bitsui by the head and pushing her into the wall, which was captured on the Hotel security camera.

6.08.    After this altercation, Mr. Mendivil escorted the ladies back to their room.

6.09.    Once back in the room, Ms. Mendivil again physically attacked Ms. Bitsui, prompting Ms. Bitsui to phone Mr. Mendivil for help, as well as her husband, Jared Ribble, who was not on the trip, to let him know what was happening.

6.10.    In turn, Mr. Ribble called the front desk to let them know what was happening to his wife and to ask them to assist her, but he was told that the Hotel employees could not intervene.

6.11.    Mr. Mendivil resolved to help Ms. Bitsui get another room. In transition, they walked into the parking garage, where Ms. Mendivil got in her car and yelled at Mr. Mendivil, who was walking next to Ms. Bitsui, that she was "going to kill him" and drove her car to hit him.

6.12.    Mr. Mendivil, however, jumped out of the way, but Ms. Mendivil struck Ms. Bitsui with her car, jamming the lower right side of Ms. Bitsui's body between the car and a concrete pillar and causing severe bodily injury to Ms. Bitsui.

6.13.    Later, police investigating the matter noted signs that Ms. Mendivil was intoxicated, including her having blood shot eyes, moving with an unsteady balance, and smelling of alcohol. They later confirmed this by testing her blood alcohol level.

6.14.    As such, the Hotel served or sold alcoholic beverages to Ms. Delrae Mendivil even though it was apparent to the Hotel and to the employees of the Hotel that Ms. Delrae Mendivil was obviously intoxicated to the extent that she presented a clear danger to herself and to other persons, specifically Plaintiff Ms. Bitsui. And as Ms. Mendivil's behavior escalated, Defendants did nothing to intervene.

## VII.    DOUBLETREE DEFENDANTS' LIABILITY

7.01.    Plaintiff alleges that, at all times relevant, Defendants, Doubletree Management, LLC; Doubletree Hotel Systems, Inc.; Doubletree Hotels Corporation; Doubletree of Phoenix, Inc.; Doubletree Employer, LLC; Hilton Resorts Corporation; Operator; and Manager, owned, operated, controlled, and supervised the bar in the Hotel. This included all employees of the Hotel who, at all times material, were working/acting in the course and scope of their employment for Defendants.

7.02.    The Doubletree Defendants are in the business of, and are licensed to, sell alcoholic beverages to the public through the bar in the Hotel. Because this business was licensed to provide and/or sell alcoholic beverages to the public, these Defendants had duties imposed upon them by the Texas Dram Shop Act codified in Texas Alcoholic Beverage Code, §2.01, *et seq.* But, in one or more ways, these Defendants violated the duties imposed upon them by statute, causing Plaintiff Ms. Bitsui to suffer serious injury.

7.03.    The facts and circumstances will demonstrate that these Defendants are not entitled to, and do not qualify for, any "safe harbor" provisions set out in the Texas Dram Shop Act or any other law.

7.04.   For instance, despite knowing that Ms. Mendivil was intoxicated and posing a threat to another of their patrons, Ms. Bitsui, and even Mr. Mendivil, Defendants did nothing to intervene and protect Ms. Bitsui's safety as one of their patrons staying in the Hotel.

7.05.   The facts and circumstances, as set out above, constitute negligence and negligence *per se* on the part of Defendants and were a legal and proximate cause of injury to Plaintiff Ms. Bitsui.

## VIII.  DAMAGES

8.01.   Ms. Mendivil's car struck Plaintiff Ms. Bitsui's lower right side causing the following injuries:  fracture of the shaft of her right tibia, displaced fracture of the medial malleolus of the right tibia, fracture of her left pubis, a zone I fracture of her sacrum, and fracture of her fifth lumbar vertebra.

8.02.   Plaintiff Ms. Bitsui left the accident with a disfiguring scar to her right leg and now has cognitive issues she associates with the incident.

8.03.   Thus far, Ms. Bitsui has undergone surgeries to address her injuries including for her right ankle fracture, debridement of the wound to her right leg, and knee surgery.

8.04.   Plaintiff, Ms. Bitsui anticipates having scar revision surgery and is still seeking treatment for lingering difficulties.

8.05.   As a direct and proximate result of the conduct of the Defendants herein, Plaintiff Ms. Bitsui pleads for recovery of the following elements of damages to which she is entitled to recover under Texas law as a result of the conduct of the Defendants:

a.   Past and future medical expenses;

b.   Past and future pain and suffering;

c.   Past and future mental anguish;

d.   Permanent nature of the injury;

    e.    Disfigurement; and

    f.    Loss of wages and earning capacity.

8.06.   The amount to be awarded for Plaintiff's losses caused by Defendants acts and omissions is a matter that lies within the discretion of the jury to be determined at the time of trial and based on the facts and evidence presented.

## IX.   REQUEST FOR DISCLOSURE

9.01.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of the service of this request, the information or material described in Rule 194.2. Please also ensure that copies of documents and other tangible items are served with the response as set forth in Rule 194.4.

## X.   PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiff have and recover for all damages alleged as follows:

1.  Judgment against Defendants for a sum sought within jurisdictional limits of the Court, together with prejudgment interest at the highest legal applicable rate;

2.  Punitive damages;

3.  Post-judgment interest at the highest legal applicable rate per annum until paid in full;

4.  Costs of court and suit; and

5.  Such other and further relief to which Plaintiffs may be justly entitled to receive, at law or in equity, special or general.

## XI.   JURY DEMAND

Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

*J. Wilbon-Smith*

**TAMMY WILBON-SMITH, ESQ.**
SBN 24060828
**LERNER & ROWE, P.C.**
2701 E. Camelback Road, Ste. 140
Phoenix, Arizona 85016
PH:     602-610-3858
FAX:   602-610-3858
tsmith@lernerandrowe.com

9

# EXHIBIT B



# Notice of Service of Process

null / ALL<br>
Transmittal Number: 25300799<br>
Date Processed: 07/30/2022

| | |
|---|---|
| Primary Contact: | Claudia Reyes<br>Hilton Domestic Operating Company Inc.<br>7930 Jones Branch Dr<br>Mc Lean, VA 22102-3388 |
| Electronic copy provided to: | Marissa Gahafer<br>Matthew Fore<br>Chris Deubert<br>LeRhonda Barnett<br>Valerie Sammons<br>Jennifer Guy |

| | |
|---|---|
| **Entity:** | Doubletree Employer LLC<br>Entity ID Number  3948691 |
| **Entity Served:** | Doubletree Employer, LLC |
| **Title of Action:** | Kayla Dawn Bitsui  vs. Doubletree Management, LLC |
| **Matter Name/ID:** | Kayla Dawn Bitsui  vs. Doubletree Management, LLC (12628496) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | El Paso County District Court, TX |
| **Case/Reference No:** | 2022DCV1820 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/29/2022 |
| **Answer or Appearance Due:** | 10:00 A.M. Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Lerner & Rowe, P.C.<br>602-610-3858 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

EXHIBIT C



# Notice of Service of Process

null / ALL
Transmittal Number: 25339036
Date Processed: 08/05/2022

| | |
|---|---|
| Primary Contact: | Claudia Reyes<br>Hilton Domestic Operating Company Inc.<br>7930 Jones Branch Dr<br>Mc Lean, VA 22102-3388 |
| Electronic copy provided to: | Chris Deubert<br>LeRhonda Barnett<br>Jennifer Guy<br>Marissa Gahafer<br>Valerie Sammons<br>Matthew Fore |

| | |
|---|---|
| **Entity:** | Doubletree Management LLC<br>Entity ID Number  2645295 |
| **Entity Served:** | Doubletree Management |
| **Title of Action:** | Kayla Dawn Bitsui vs. Doubletree by Hilton Hotel El Paso Downtown |
| **Matter Name/ID:** | Kayla Dawn Bitsui  vs. Doubletree Management, LLC (12628496) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | El Paso County District Court, TX |
| **Case/Reference No:** | 2022DCV1820 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/29/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Lerner & Rowe, P.C.<br>602-610-3858 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not
constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

EXHIBIT D



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 25395680**
**Date Processed: 08/16/2022**

| | |
|---|---|
| **Primary Contact:** | Claudia Reyes<br>Hilton Domestic Operating Company Inc.<br>7930 Jones Branch Dr<br>Mc Lean, VA 22102-3388 |
| **Electronic copy provided to:** | LeRhonda Barnett<br>Chris Deubert<br>Jennifer Guy<br>Valerie Sammons<br>Marissa Gahafer<br>Matthew Fore |

| | |
|---|---|
| **Entity:** | Doubletree Hotel Systems, Inc.<br>Entity ID Number 1867248 |
| **Entity Served:** | Doubletree Hotel Systems Inc. |
| **Title of Action:** | Kayla Dawn Bitsui vs. Doubletree By Hilton Hotel El Paso Downtown |
| **Matter Name/ID:** | Kayla Dawn Bitsui vs. Doubletree Management, LLC (12628496) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Case/Reference No:** | 2022DCV1820 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/15/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Lerner & Rowe, PC<br>602-610-3858 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT E



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 25408918**
**Date Processed: 08/18/2022**

| | |
|---|---|
| **Primary Contact:** | Claudia Reyes<br>Hilton Domestic Operating Company Inc.<br>7930 Jones Branch Dr<br>Mc Lean, VA 22102-3388 |
| **Electronic copy provided to:** | Chris Deubert<br>Valerie Sammons<br>Marissa Gahafer<br>Jennifer Guy<br>LeRhonda Barnett<br>Matthew Fore |

| | |
|---|---|
| **Entity:** | Doubletree Hotels Corporation<br>Entity ID Number  1867245 |
| **Entity Served:** | Doubletree Hotel Corporation |
| **Title of Action:** | Kayla Dawn Bitsui vs. Doubletree By Hilton Hotel El Paso Downtown |
| **Matter Name/ID:** | Kayla Dawn Bitsui  vs. Doubletree Management, LLC (12628496) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | El Paso County District Court, TX |
| **Case/Reference No:** | 2022DCV1820 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/15/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Lerner & Rowe, P.C.<br>602-610-3858 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com