## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **KAYLA DAWN BITSUI,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-22-CV-302-DB** |
| | § | |
| **DOUBLETREE BY HILTON HOTEL** | § | |
| **EL PASO DOWNTOWN;** | § | |
| **DOUBLETREE MANAGEMENT, LLC;** | § | |
| **DOUBLETREE HOTEL SYSTEMS,** | § | |
| **INC.; DOUBLETREE HOTELS** | § | |
| **COPORATION; DOUBLETREE OF** | § | |
| **PHOENIX, INC.; DOUBLETREE** | § | |
| **EMPLOYER, LLC; HILTON RESORTS** | § | |
| **CORPORATION; HOTEL OPERATOR** | § | |
| **OF DOUBLETREE BY HILTON** | § | |
| **HOTEL EL PASO DOWNTOWN; and** | § | |
| **JOHN OR JANE DOE MANAGER OF** | § | |
| **DOUBLETREE BY HILTON HOTEL** | § | |
| **EL PASO DOWNTOWN,** | § | |
| **Defendants.** | § | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On this day, the Court considered Defendants Hotel Don Quixote, LTD and San Angel Plaza, LLC's (collectively "Defendants") "[ ] Motion to Dismiss," filed in the above-captioned case on October 4, 2022. ECF No. 14. When the Motion became ripe, the Court converted the Motion to Dismiss to a Motion for Summary Judgment ("Motion"). ECF No. 25. The Court gave the parties notice of the conversion and gave them fourteen days to submit any other evidence the parties wanted the Court to consider in deciding the Motion. *Id.* The Court also considered Plaintiff Kayla Bitsui's ("Plaintiff") timely response, Resp. ECF No. 16, Defendants' timely reply, Reply ECF No. 17, and Defendants' Supplemental Brief, ECF No. 30.

In their motion, Defendants ask that the Court dismiss Plaintiff's Texas Dram Shop and negligence state-law claims. Mot. 1, ECF No. 14. Defendants argue for dismissal for two

reasons (1) the claims are barred by the statute of limitations and (2) Plaintiff failed to state a claim upon which relief may be granted.   *Id.*   Plaintiff, on the other hand, argues that her claims are not barred because she diligently attempted to serve Defendants and therefore the date of service should relate back to the date that she timely filed the complaint.   Resp. 9, ECF No. 16.   Plaintiff also argues that she has pled sufficient facts to support her claims.   *Id.* at 9–11.

In this order, the Court will only consider the statute of limitations argument. After examining the briefs and the evidence, the Court agrees with Defendants that Plaintiff's claims are barred by the statute of limitations because Plaintiff failed to exercise due diligence in serving Defendants.

## BACKGROUND

Plaintiff alleges that in June 2020, she went to a hotel bar in downtown El Paso to get drinks with her friends, Ms. Mendivil and Ms. Mendivil's estranged husband.   Original Pet. 14, ECF No. 1.   Later in the night—and many drinks later—Ms. Mendivil accused Plaintiff of flirting with her husband and began to physically attack her.   *Id.* at 15.   Ms. Mendivil's husband tried to intervene, and, later in the evening, all three people ended up in the parking garage.   *Id.* An intoxicated Ms. Mendivil then got into her car and, in an attempt to run over her estranged husband, she struck Plaintiff with her car and "jamm[ed] the lower right side of [Plaintiff's] body between the car and a concrete pillar, causing severe bodily injury to [Plaintiff]."   *Id.*

Plaintiff filed her complaint in Texas state court nine days before the statute of limitations expired, but she did not serve the appropriate party until two and a half months after the statute of limitations expired.   Mot. 4, ECF No. 14.   The issue is whether Plaintiff exercised due diligence in her service of process.   The Court finds that she did not.

**LEGAL STANDARD**

Defendants move to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").   Mot. 1, ECF No. 14.   The Court converted that Motion to Dismiss to a Motion for Summary Judgment under Federal Rule of Civil Procedure 12(d) and provided the parties the requisite notice along with the "opportunity to present all the material that is pertinent to the motion."   FED. R. CIV. P. 12(D); Order Converting to Summ. J., ECF No. 25.

Summary judgment is appropriate when "view[ing] the facts in the light most favorable to the non-movant" and "draw[ing] all reasonable inferences in [his] favor," "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (quoting Fed. R. Civ. P. 56(a)).   "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law."   *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict of the nonmoving party."   *Id.*

The statute of limitations in Texas requires a personal injury suit to be filed within two years from the date the injury occurred.   Tex. Civ. Prac. & Rem. Code § 16.003(a).   A timely filed suit will interrupt the running of the statute of limitations, but only if the plaintiff exercises due diligence in the issuance and service of the citation.   *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (internal citation omitted).   A plaintiff acts diligently when she acts "as an ordinarily prudent person would have acted under the same or similar circumstance and was diligent up until the time the defendant was served."   *Id.* at 216.   When considering whether a plaintiff acted diligently, courts look to "the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service."   *Id.*

" . . . [O]nce a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff to 'explain the delay.'"   *Id.*   The plaintiff must then present evidence of the efforts it made to serve the defendant and "explain every lapse in effort or period of delay."   *Id.*   Lapses between service efforts that are unexplained or "patently unreasonable" may show lack of due diligence as a matter of law. *Id.*

## ANALYSIS

### 1.  Timeline of Plaintiff's Service Efforts

Plaintiff filed suit on June 17, 2022, in Texas state court.   Resp. 3, ECF No. 16. She did not begin attempting to serve any Defendants until a month later.   ECF No. 16–2 at 3; ECF No 16–3 at 3; ECF No 16–4 at 3; ECF No. 16–8 at 2.   Plaintiff did not receive a response from those Defendants until August 10, when Doubletree Management LLC, Doubletree Employer LLC, Doubletree Hotel Systems LLC, and Hilton Resorts Corporation (collectively, "Hilton defendants") alerted her that Doubletree by Hilton Hotel El Paso Downtown ("the hotel") is independently owned and operated by another entity.   ECF No 16–1 at 1–2.   On August 26, 2022, Hilton removed the case to federal court.   Not. of Removal, ECF No. 1.

During this time, Plaintiff asked several times for the Hilton defendants to accept service and/or to identify the party that owned the hotel where the injury occurred.   Resp. 4, ECF No. 16.   The Defendants either did not respond or declined to accept service.   *Id*; ECF No. 16– 7 at 4.   "Finally, realizing that there would be no answer forthcoming, on August 29, 2022, Plaintiff hired an investigator to determine . . . the owner of Defendant Doubletree by Hilton Hotel El Paso Downtown."   Resp. 5, ECF No. 16.

4

Yet, there were additional delays. Four days after the case was removed to federal court, the clerk issued a letter to Plaintiff alerting her that she must apply for admission Pro Hac Vice to appear in this Court. Letter for Pro Hac Vice, ECF No. 2. A week later, Plaintiff applied for admission Pro Hac Vice. Mot. to Appear Pro Hac Vice, ECF No 6. Finally, on September 13, 2022, two and a half months after the statute of limitations had run, Plaintiff served the appropriate Defendants, Hotel Don Quixote, LTD, and San Angel Plaza, LLC ("Defendants"). ECF No. 10.

### 2. Plaintiff Did Not Exercise Due Diligence When She Served the Defendants.

The Defendants have shown that Plaintiff did not complete service until after the statute of limitations had expired. Thus, Plaintiff now carries the burden of explaining "every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216.

The first period of delay that Plaintiff must account for is the month it took her to serve the Hilton defendants. But Plaintiff does not explain this delay. In *Mauricio v. Castro*, a Texas state court of appeals found that an unexplained delay of thirty-seven days from the receipt of the citation to service showed a lack of diligence. 287 S.W.3d 476, 480 (Tex. App. 2009). Here, like in *Mauricio v. Castro*, a month-long delay in service after the statute of limitations had run is enough to show a lack of diligence.

Still, the Court notes that there were further lapses between service efforts that were "patently unreasonable" and showed lack of due diligence as a matter of law. One glaring example of this is that Plaintiff was notified on August 10 that the parties she had first served were not the owners or operators of the hotel where the injury occurred. Yet Plaintiff did not hire an investigator to find the proper party until August 29—almost three weeks later. Resp. 5, ECF No. 16. Apparently, during that time Plaintiff was waiting for the Hilton defendants to help her

determine who the owner of the hotel was.  *See id.* at 4.   She alleges that "Defendants' counsel has tried blatantly to avoid service on the true owner and operator of the Hotel by . . . refusing to reveal by and through whom the Hotel might be served."  *Id.* at 8.

But the Hilton defendants had no duty to help Plaintiff identify the correct party to sue.   Many Texas state courts have found, and it seems plain, that it is the plaintiff's—not a third party's—duty to ensure that the defendant is served.  *Flanigan v. Nekkalapu*, 613 S.W.3d 361, 365 (Tex. App.—Fort Worth 2020, no pet.); *Carter v. MacFadyen*, 93 S.W.3d 307, 314 (Tex. App.—Houston [14th Dist.] 2002, pet denied); *Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi—Edinburg 2000, pet. denied).   In *Flanigan*, the court found that even reliance on a process server, whose interests are aligned with the plaintiff, does not constitute due diligence by the plaintiff as a matter of law.   613 S.W.3d at 365.   Plaintiff's reliance on opposing counsel is even more unreasonable, as they have no duty at all to help Plaintiff identify the correct party to serve.   On August 10, upon finding out that she had served the wrong parties on August 10, Plaintiff should have undertaken her own efforts to serve the correct party.

The last unexplained lapse in efforts to serve was Plaintiff's week-long wait to apply for admission Pro Hac Vice.   Letter for Pro Hac Vice, ECF No. 2; Mot. to Appear Pro Hac Vice, ECF No 6.   During that week, Plaintiff lacked access to the Court's online docketing system, which impaired her ability to view and respond to the Court's orders, further delaying the case.   Although the investigator hired by Plaintiff was able to determine the identity of the hotel owner in one day, Plaintiff's delays resulted in service being executed two and a half months after the statute of limitations had run.

Plaintiff's path to serving the proper defendant included multiple delays, some of which were unexplained, and others which were patently unreasonable.   These delays reflect lack

6

of due diligence by Plaintiff.    As a result, the Court grants Defendants Hotel Don Quixote, LTD

and San Angel Plaza, LLC's Motion to Dismiss.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants Hotel Don Quixote,

LTD and San Angel Plaza, LLC's Motion for Summary Judgment, ECF No. 25, is **GRANTED**.

**SIGNED** this **30**$^{\text{th}}$ day of **November 2022.**

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

7