# IN THE UNITED STATES DISTRICT COURT

## FOR THE WEST DISTRICT OF TEXAS

### EL PASO DIVISION

KAYLA DAWN BITSUI,

Plaintiffs,

v.

DOUBLETREE BY HILTON HOTEL EL
PASO DOWNTOWN; DOUBLETREE
MANAGEMENT, LLC; DOUBLETREE
HOTEL SYSTEMS, INC.; DOUBLETREE
HOTELS CORPORATION; DOUBLETREE
OF PHOENIX, INC.; DOUBLETREE
EMPLOYER, LLC; HILTON RESORTS
CORPORATION; HOTEL OPERATOR OF
DOUBLETREE BY HILTON HOTEL EL
PASO DOWNTOWN; AND JOHN OR
JANE DOE MANAGER OF DOUBLETREE
BY HILTON HOTEL EL PASO
DOWNTOWN,

Defendants.

Civil Action No.: 3: 22-CV-00302-DB

## PLAINTIFF KAYLA BITSUI'S RULE 59 MOTION TO ALTER ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Kayla Dawn Bitsui, by and through undersigned counsel, hereby files this

Rule 59 Motion to Alter the Court's Order granting Defendants Hotel Don Quixote, LTD

and San Angel Plaza, LLC's ("Hotel Don Quixote") Motion for Summary Judgment

1

("Motion to Alter Judgment"), based on her alleged lack of diligence in serving Hotel Don Quixote under Texas state law, and would show the Court as follows:

## I.    MEMORANDUM OF POINTS AND AUTHORITIES

### A.  Statement of Facts

Plaintiff, Kayla Bitsui, filed this lawsuit because she was injured on June 26, 2020, when she was admitted as a guest to Defendant Doubletree by Hilton Hotel El Paso Downtown, with her friend and traveling companion, Delrae Maria Mendivil.  *See* Compl. Ms. Bitsui filed her lawsuit in Texas state court on June 17, 2022, alleging violation of the Texas Dram Shop Act, negligence and negligence *per se*. *Id.*

Plaintiff named as Defendants in her lawsuit, the hotel itself—Doubletree Hilton Hotel El Paso Downtown—as well as multiple entities who appeared to be owners, managers, and operators of the hotel. *Id.*

Plaintiff served all named Defendants including the hotel itself at multiple addresses as set forth in Plaintiff's Response to Defendant Hotel Don Quixote's Motion to Dismiss. *See* Doc. 16, Pl.'s Resp. to Mot. to Dismiss at 5-7 and exhibits thereto.

Most significantly for this Motion to Alter Judgment, Defendants who answered in state court removed this case to federal court on August 26, 2022. *See* Notice of Removal.

Plaintiff contends that the November 30, 2022 Order Granting Defendants' Motion for Summary Judgment should be altered because Federal Rule of Civil Procedure 81(c)(1) provides that the Federal Rules of Civil Procedure apply to a civil action after it is removed from a state court; *see also Hickman v. U.G. Lively*, 897 F.Supp. 955, 959 (S.D. Tex. 1995)

("The language of Rule 81(c) of the Federal Rules of Civil Procedure requires application of the federal rules to procedures after removal.") Service of Defendants is a matter of *procedure* and not substantive law, such that as of August 26, 2022, Plaintiff's service of Defendants was governed by the Federal Rules of Civil Procedure.

Despite this Rule and the cited law, the Court did not address this argument set forth in Plaintiff's Response to Hotel Don Quixote's Motion to Dismiss in its November 30, 2022 Order. *See* Doc. 16, Pl.'s Resp. to Don Quixote Mot. to Dismiss at 7-8; *see also* Doc. 31, Nov. 30, 2022 Order Granting Mot. for Summ. Judgmt.

As Plaintiff argued in her Response, Federal Rule of Civil Procedure 81(c)(1) is dispositive of Hotel Don Quixote's Motion for Summary Judgment based on lack of diligence in service. The Court's not addressing this Rule and argument in its granting of the summary judgment is both clear error and manifestly unjust, especially here where it rewards Defendants' evasion of service of process. Thus, if Plaintiff's Motion to Alter the November 30, 2022 Order is not granted it will result in a miscarriage of justice.

**B. Legal Argument**

District courts have power to "alter or amend" a judgment by motion under Federal Rule of Civil Procedure 59(e), which states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

//

//

3

**C. The Court Should Alter Its Order Because It Did Not Consider Federal Rule of Procedure 81(c)(1) as Argued by Plaintiff.**

Here, the Court should reverse its order dismissing Plaintiffs' claims against Hotel Don Quixote on the basis that she did not diligently or timely serve them because pursuant to Federal Rule of Civil Procedure 81(c)(1), once Defendants removed this matter to federal court on August 26, 2022, the Federal Rules of Civil Procedure applied, giving Plaintiff 90 days from the date the lawsuit was filed to serve all Defendants. *See* Federal Rule of Civil Procedure 4(m) ("[i]f a defendant is not served *within 90 days after the complaint is filed*, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time.  But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." ) (Emphasis added.)

As such, the service of Hotel Don Quixote was governed by federal rule. Plaintiff's Complaint was filed in Texas state court on June 17, 2022, 90 days from which is September 15, 2022.  Thus, because Hotel Don Quixote was served on September 13, 2022, they were served timely per the rules applicable to this matter once it was removed.

Not only does Plaintiff contend that Rule 81(c)(1) applies to this question, such that the Court is governed by it, Plaintiff also points out that the Court did not address this argument at all in its decision even though Plaintiff set it out, citing applicable law, in her Response on pages 7-8.  *See* Doc. 16. As such, it appears that the law cited and argument made were not considered by the Court or even refuted.

To support its decision to grant Hotel Don Quixote's Motion for Summary Judgment for untimely service, the Court stated only that "Plaintiff, on the other hand, argues that her claims are not barred because she diligently attempted to serve Defendants and therefore the date of service should relate back to the date that she timely filed the complaint." *See* November 30, 2022 Order at 2. Thus, the Court makes no mention that Plaintiff only made the diligent attempts argument *secondary* to the argument that Hotel Don Quixote was timely served under federal rules.

In addition, the Court in supporting its conclusion that Plaintiff had not been diligent in attempting to serve Hotel Don Quixote, only cited Texas state law and no federal law, indicating that Texas state law applied to the service of Defendants after the case was removed to federal court. *Id* at 5-6.

Nor did Defendants address Plaintiff's argument that the federal rules applied. Instead, in their Reply, Defendants stated erroneously that "Plaintiff does not even cite to legal precedent in support of this assertion [that the state rules pertaining to service no longer applied and FRCP 4(m) applied]." *See* Doc. 17, Hotel Don Quixote Reply at 3. In fact, Plaintiff clearly cited Rule 81(c)(1) and *Hickman* as cited in this Motion, in her Response. *See* Doc. 16, Pl.'s Resp. to Don Quixote Mot. to Dismiss at 7-8. As such, Defendants not only misrepresented Plaintiff's response; they also failed to offer any legal precedent disputing that Rule 81(c)(1) dictated that Federal Rule of Procedure 4(m) applied once the case was removed. *See* Doc. 17, Hotel Don Quixote Reply at 3. Nor did they cite

law refuting this contention in their Supplemental Brief. *See* Doc. 30, Hotel Don Quixote Supp. Br.

Moreover, the Court did not acknowledge its own order granting Plaintiff an extension until October 31, 2022, to serve all Defendants in this case. *See* Doc. 13, Order Granting Extension. Were the Court deciding the Request for Extension under Texas law, it could not have been granted, because the Court determined that under Texas law, Plaintiff had already lacked diligence in serving Defendants—which Plaintiff vehemently denies. This failure to even address Plaintiff's argument that federal rules applied warrants an amendment and resulting reversal of the grant of summary judgment.

**D. Amendment of a Judgment is Warranted for a Manifest Error of Law.**

The court's commission of some manifest error of law or fact justifies the grant of a Rule 59(e) motion. *See In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063(9th Cir. 2003); *see also Divane v. Krull Elec. Co., Inc.*, 194 F3d 845, 848 (7th Cir. 1999; *see also United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

A Rule 59(e) motion is the proper vehicle to seek reconsideration of a summary judgment. *See Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748 n.9 (5th Cir. 2006); *see also School Dist. No. 1J, Multnomah Cty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1980).

Here, the Court has made a manifest error of law by not recognizing that Rule 81(c)(1) dictates that the Federal Rules of Procedure applied to service of Hotel Don

Quixote once this case was removed to federal court. *See Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th. Cir. 2014) ("The Federal Rules of Civil Procedure provide that they apply to a civil action *after* it is removed from a state court.") (Internal citation and quotation omitted; emphasis in original); *see also Ferris Plaza, Ltd v. Peerless Indem. Ins. Co.*, No. 3:10-CV-633-L, 2010 WL 25480826 at *2 (N.D. Tex. June 22, 2010) ("Pursuant to Rule 81(c)(1), the Federal Rules of Civil Procedure apply to a civil action after it is removed from a state court"). Moreover, the Court had granted an extension of time to serve Defendants until October 31, 2022; therefore, its grant of Hotel Don Quixote's Motion for Summary Judgment contradicts its own order.

## II.    CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiff Kayla Bitsui respectfully requests that the Court reverse its November 30, 2022 Order granting Hotel Don Quixote's Motion for Summary Judgment on the grounds that they were not diligently served under Texas state law.  By this Motion, Plaintiff does not concede that she did not diligently serve Defendants under Texas state law; instead, she contends that Texas state law did not apply after August 26, 2022.

**RESPECTFULLY SUBMITTED** this 30th day of November, 2022.

**LERNER & ROWE, P.C.**

By: */s/ Tammy Wilbon – Smith*
Tammy Wilbon-Smith, Esq.
2701 E. Camelback Rd., Ste. 140
Phoenix, Arizona 85016
602-610-3858
tsmith@lernerandrowe.com

1  By _/s/ Esmeralda Ramirez_

2
3  Esmeralda Ramirez
   Paralegal to Tammy Wilbon-Smith, Esq

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28