IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KAYLA DAWN BITSUI,<br>     Plaintiff, | §<br>§<br>§ | |
| v. | § | EP-22-CV-302-DB |
| | § | |
| DOUBLETREE BY HILTON HOTEL<br>EL PASO DOWNTOWN;<br>DOUBLETREE MANAGEMENT, LLC;<br>DOUBLETREE HOTEL SYSTEMS,<br>INC.; DOUBLETREE HOTELS<br>COPORATION; DOUBLETREE OF<br>PHOENIX, INC.; DOUBLETREE<br>EMPLOYER, LLC; HILTON RESORTS<br>CORPORATION; HOTEL OPERATOR<br>OF DOUBLETREE BY HILTON<br>HOTEL EL PASO DOWNTOWN; and<br>JOHN OR JANE DOE, MANAGER OF<br>DOUBLETREE BY HILTON HOTEL<br>EL PASO DOWNTOWN,<br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER DENYING PLAINTIFFS' RULE 59 MOTION

On this day, the Court considered Plaintiff Kayla Bitsui's ("Plaintiff") "[ ] Rule 59 Motion to Alter Order Granting Defendants' Motion for Summary Judgment," ("Motion") Defendants Hotel Don Quixote, LTD and San Angel Plaza, LLC's (collectively "Defendants") timely response, and Plaintiff's timely reply. ECF Nos. 32, 33, and 34. Plaintiff argues that the Court's Order should be altered because the Court should have applied federal law, not Texas state law to resolve the dispute. *Id.* at 2–3.

Federal Rule of Civil Procedure 59(e) governs a motion to alter or amend a final judgment. Fed. R. Civ. P. 59(e). Rule "59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence'" after a court has entered a final judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (quoting *Waltman v. Int'l Paper*

Co., 875 F.2d 468, 473 (5th Cir. 1989)). Rule 59(e) permits a court to alter or amend a judgment due to (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Consequently, "[a] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Plaintiff argues, under the third prong, that there is a need to correct a clear error of law and to prevent a manifest injustice because the Court erred when it applied state law in evaluating Defendants' Motion to Dismiss. Mot. 6–7, ECF No. 32. The Court did consider Plaintiff's argument that federal law applied, along with Defendants' argument that state law applied. Ultimately, the Court agreed with Defendants' argument for applying state law. Nonetheless, since the Court did not put its reasoning for that finding in writing in its initial order, it does so here. *See infra* Part II. But the Court will not rehash arguments that it already addressed in its Order Granting Defendants' Motions for Summary Judgment. *See infra* Part I.

I. The Court Will Not Rehash Arguments About Whether Plaintiff Was Diligent Under *Proulx*.

A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). In portions of her Reply, Plaintiff reasserts the argument that her service efforts were diligent under *Proulx*, the Texas state law standard that measures diligence in service efforts after a statute of limitation

2

has expired. Reply 2–5, ECF No. 34. The Court considered this argument in its Order Granting Defendant's Motion for Summary Judgment and explained its reasoning as to why it found Plaintiff's efforts were not diligent. *See* Order ECF No. 31. The Court will not consider those arguments again.

II. State Law Governs the Dispute Because State Statutes of Limitations Are Considered Substantive Under *Erie*.

Plaintiff's main complaint is that the Court did not address or even "consider" her argument that federal law—and not state law—applies. However, the Court did consider, and reject, this argument for the reasons outlined below.

Plaintiff views the issue as a service of process problem, and thus believes it is procedural. While Plaintiff's service efforts are at issue, they are at issue relative to the statute of limitations. The precise question is whether Plaintiff exercised due diligence in her service of process *after the statute of limitations had expired*. Plaintiff filed her complaint in Texas state court nine days before the statute of limitations expired, but she did not serve the appropriate party until two and a half months after the statute of limitations expired. Mot. 4, ECF No. 14. Thus, the key concern is the statute of limitations *and* how it affects service of process. The statute of limitations is a substantive issue. Therefore, state law controls.

It is well established that, in a diversity action, courts apply federal procedural law and state substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). State statutes of limitations are considered substantive under *Erie*. *Guar. Trust Co. v. York*, 326 U.S. 99, 111–112 (1945). Moreover, for diversity actions, a federal court should apply not only state statutes of limitation but also any accompanying state tolling rules. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750–53 (1980).

The causes of action in this case fall under Texas state law. Mot. 2, ECF No. 32. The case was removed based on diversity jurisdiction. Not. of Removal, ECF No. 1. Thus, the Texas state law statute of limitations applies *as well as* state law rules around the way service might toll the statute of limitations. Therefore, the due diligence standard under *Proulx* is the proper standard to evaluate whether Plaintiff's service efforts would toll the statute of limitations. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007).

Plaintiff makes a couple of arguments disputing this. The Court disagrees with her arguments because they ignore the statute of limitations issue and how an expired statute of limitation affects a Plaintiff's duty to effect service. First, she argues that "Federal Rule of Civil Procedure 81(c)(1) provides that the Federal Rules of Civil Procedure apply to a civil action after it is removed from a state court."[1] Mot. 2, ECF No. 32. Defendants counter that Rule 81(c)(1) does not apply here because that rule discusses removed cases in the specific context of repleading and making a demand for jury trial after a case is removed. Resp. 7, ECF No. 33. The Court agrees with Defendants. Rule 81(c)(1) makes no mention of service of process timelines or statutes of limitation. Thus, it is inapplicable here.

Furthermore, the Fifth Circuit case Plaintiff cites to argue that the Federal Rules of Civil Procedure apply is distinguishable. Reply 6, ECF No. 34; *Micromedia v. Automated Broadcast Controls,* 799 F.2d 230, 233 (5th Cir. 1986)). In that case, the statute of limitations had not yet expired so there was no statute of limitations issue, whereas here the expiration of the statute of limitations is the main issue.

---

[1] As support for her argument that Rule 81(c) applies, Plaintiff cites *Hickman*, a case out of the Southern District of Texas. *Hickman v. U.G. Lively*, 897 F. Supp. 955, 959 (S.D. Tex. 1995). District Court cases are persuasive authority, which this Court does not have to follow. In this case, it chooses not to follow *Hickman* for the reasons outlined above.

Second, Plaintiff argues that Federal Rule of Civil Procedure 4(m) governs this case. Mot. 4–6, ECF No. 32. Again, the Court disagrees. In *Snow v. WRS Group, Inc*, the Fifth Circuit found that Rule 4(m) and state substantive rules around statute of limitations and service of process are two separate inquiries. 73 Fed. Appx. 2, 7–8 (5th Cir. 2003). There the court noted that "Rule 4(m) merely sets out a *procedural* maximum time frame for serving a complaint, whereas [the Oregon statute] is a statement of substantive decision by that State that actual service on, and accordingly actual notice to, the defendant is an integral part of the several policies served by the statute of limitations." *Id.* at 8 (internal citations omitted). Again, the fundamental issue here is the statute of limitations and whether it was tolled by diligent service efforts. This is a substantive issue, not a procedural one.

While Texas state law does not require service within a certain number of days, it does have limits for service after the statute of limitations has expired. *See* Tex. R. Civ. P. Once the statute of limitations has expired, Texas state law only allows for service to toll the statute of limitations if service efforts are diligent. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (internal citation omitted). A Court's decision to grant an extension under Rule 4(m) has no effect on the rules governing service once a statute of limitation has expired.

Furthermore, the fact that the Court previously granted Plaintiff an extension to serve does not invalidate its later decision to find Plaintiff's service efforts lacked due diligence for two reasons. First, the Fifth Circuit has rejected this argument before. In *Snow*, the Plaintiff argued that the district court tolled the statute of limitations period when it extended the time to serve her complaints under Rule 4(m). *Id.* at 2, 8. The court was unconvinced, finding that "the district court's grant of additional time under Rule 4(m) to serve her suit had no effect on the 60–day period to effectuate service under the [state] statute." *Id.* at 8. Thus, the court found the

5

Plaintiff's state law claims untimely. *Id.* Second, the Court is free to change course as new evidence is introduced in a case. Plaintiff filed her Motion for Additional Time to Serve on September 20. ECF No. 11. The Court granted that Motion a day later. ECF No. 13. Two weeks later, Defendants moved to dismiss, making novel arguments about why the case should be dismissed. ECF No. 14. Not only *can* the Court consider new arguments, but it has a duty to consider them.

The "dual responsibility [of Rule 4(m) and statutes of limitation] could prove a trap for the unwary and thus attorneys should be very careful." § 1057 Statutes of Limitations—Diversity of Citizenship Cases, 4 Fed. Prac. & Proc. Civ. § 1057 (4th ed.). In this case, Plaintiff has argued that she has satisfied her responsibility under Rule 4(m) but does not address her responsibility under the statute of limitations. For the reasons stated above, the Court reaffirms its prior order, ECF No. 31, granting Defendants' Motion for Summary Judgment.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Kayla Bitsui's "[ ] Rule 59 Motion to Alter Order Granting Defendants' Motion for Summary Judgment," ECF No. 32, is **DENIED.**

SIGNED this 9th day of **January 2023.**

———————————————
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE